IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **SOCORRO SALAS BAUTISTA; DAGOBERTO VARGAS ISLAS,**  Plaintiffs,  vs.  **U.S. CITIZENSHIP AND IMMIGRATION SERVICES "USCIS"); Attorney General of the United States, PAM BONDI; Secretary of U.S. Department of Homeland Security Secretary, KRISTI NOEM; Director of USCIS, JOSEPH EDLOW; Associate Director of Field Operations, SARAH KENDALL,**  Defendants. | CASE NO. 5:25-cv-4050  **COMPLAINT FOR AN ORDER TO COMPEL ADJUDICATION UNDER THE ADMINISTRATIVE PROCEDURE ACT AND WRIT OF MANDAMUS, and REQUEST FOR EXPEDITED HEARING** |

## I.  INTRODUCTION

1. Plaintiffs Socorro Salas Bautista and Dagoberto Vargas Islas seek an order from this honorable Court compelling USCIS to adjudicate their I-131 Application for Parole in Place as parents of a service member of the U.S. armed forces.

## II.  JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to the Mandamus Act, 28 U.S.C. § 1361 (to compel an officer, employee or agency of the United States to perform a duty owed to plaintiff); 28 U.S.C. § 1331 (federal question jurisdiction); 5

1

U.S.C. §§ 704 and 706, the Administrative Procedure Act (no other adequate remedy and to compel agency action unlawfully withheld or unreasonably delayed); 8 U.S.C. § 1447, and 5 U.S.C. § 504, the Equal Access to Justice Act.

3. Specifically, the Supreme Court has found that 28 USC § 1331 serves as the jurisdictional basis for federal courts "to review agency action." Califano v. Sanders, 430 U.S. 99, 105 (1977); see also Bowen v. Massachusetts, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court has jurisdiction under 28 USC § 1331"). Courts of Appeals uniformly agree that 28 USC § 1331 is the jurisdictional basis for a suit to review agency action under the APA. See, e.g., Ana International Inc. v. Way, 393 F.3d 886, 890 (9th Cir. 2004) (finding that this rule applies in the immigration context); Yeboah v. U.S. DOJ, 345 F.3d 216, 220 (3d Cir. 2003) (SIJS visa case); Sabhari v. Reno, 197 F.3d 938, 943 (8th Cir. 1999) (immigrant visa case); Sigman Coal Co. v. Apfel, 226 F.3d 291, 301 (4th Cir. 2000); Dixie Fuel Co. v. Comm'r of Social Security, 171 F.3d 1052, 1057 (6th Cir. 1998); Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) as Plaintiffs reside in the Federal District Court for the Northern District of Iowa, and a substantial part of the events or omissions giving rise to the claim occurred within the District.

## II. PARTIES

5. Plaintiff Socorro Salas Bautista ("Socorro") is a citizen of Mexico residing in Sioux Center, Iowa, in the Northern District of Iowa.

6. Plaintiff Dagoberto Vargas Islas ("Dagoberto") is a citizen of Mexico residing in Sioux Center, Iowa, in the Northern District of Iowa.

7. Defendant USCIS is an agency of the United States Department of Homeland Security ("DHS"). USCIS implements procedures and promulgates rules related to and is responsible for adjudicating all applications and petitions for immigration benefits, including I-131 applications for travel documents, parole documents, and arrival/departure records.

8. Defendant Pam Bondi, Attorney General of the United States, is sued in her official capacity.

9. Defendant Kristi Noem is the Secretary of the United States Department of Homeland Security, which heads the agency responsible for implementing the Immigration and Nationality Act. Defendant Noem is sued in her official capacity.

10. Defendant Joseph Edlow is the Director of USCIS and is responsible for approving applications for immigration benefits in the United States. Defendant Edlow is sued in his official capacity.

11. Defendant Sarah Kendall is the Associate Director of Field Operations, who oversees all USCIS National Benefits Centers that are responsible for processing and approving I-131 applications. Defendant Kendall is sued in her official capacity.

## III. STATEMENT OF FACTS

12. Parole in place allows a foreign national who came into the United States without authorization by an immigration officer to stay for a certain period of time.

13. Military Parole in Place ("MIL-PIP") is an immigration benefit reserved for spouses, parents, and sons and daughters of military members that grants temporary permission to be in the U.S. while they pursue permanent legal status.[1]

14. Under section 212(d)(5)(A) of the INA, USCIS may grant MI-PIP for the family members of an active-duty member of the U.S. armed forces, an Individual in the Selected Reserve of the Ready Reserve, or an Individual who (whether still living or deceased) previously served on active duty or in the Selected Reserve of the Ready Reserve and was not dishonorably discharged.

15. To request MIL-PIP, applicants must complete a Form I-131 and provide evidence, *inter alia*, of the familial relationship and proof of service in the armed forces.

16. Socorro and Dagoberto are citizens of Mexico who entered the United States without authorization.

17. Socorro and Dagoberto are spouses, married in Mexico in 1998.

18. After entering the United States and in 2004, Socorro and Dagoberto had a son, Francisco Xavier Vargas Salas ("Francisco").

---

[1] See Discretionary Options for Military Members, Enlistees and Their Families https://www.uscis.gov/military/discretionary-options-for-military-members-enlistees-and-their-families;

19. Francisco is a United States Citizen and a service member of the U.S. armed forces.

20. Francisco enlisted in the Army National Guard of the United States on June 30, 2023.

21. Thereafter, Francisco was ordered to initial active duty for training.

22. At the time of this filing, Francisco is of Selected Reserve status with the United States Army National Guard

23. On August 29, 2023, Socorro submitted a Form I-131 MIL-PIP and all required supporting documentation to USCIS.

24. On January 9, 2024, Socorro received notice to appear for a biometrics appointment at the USCIS location in Sioux Falls, South Dakota, on February 6, 2024.

25. On January 10, 2024, USCIS National Benefits Center issued notice that it received the application on November 24, 2023. (Receipt number MSC2409250338).

26. On February 6, 2024, Socorro appeared for her biometrics appointment.

27. Defendant USCIS has since taken no action on Socorro's application.

28. On August 29, 2023, Dagoberto submitted a Form I-131 MIL-PIP and all required supporting documentation to USCIS.

29. On November 4, 2023, USCIS National Benefits Center issued notice that it received the application on September 12, 2023 (Receipt number MSC2403250291).

30. That same day, Dagoberto received notice to appear for a biometrics appointment at the USCIS location in Sioux Falls, South Dakota, on November 24, 2023.

31. On November 24, 2023, Dagoberto appeared for his biometrics appointment.

32. Defendant USCIS has since taken no action on Dagoberto's application.

33. As of the date of this filing, nearly two years have elapsed since Plaintiffs filed their applications, well beyond the reasonable time for adjudication of such applications, particularly for MIL-PIP, which USCIS policy recognizes as a priority in support of military families.

34. These delays and inactions are unreasonable.

35. There is no reasonable justification for these delays and inactions.

36. Defendant USCIS' failure to promptly adjudicate the Plaintiffs' applications constitutes an unreasonable delay that requires relief.

## V. CLAIMS FOR RELIEF

**COUNT 1: ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §§ 551, 555(b), 702, 706 *et. seq*.) in conjunction with THE MANDAMUS ACT (28 U.S.C. § 1361)**

37. Plaintiffs incorporate all previous paragraphs of this Complaint by reference.

38. Under the APA, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

39. The APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

40. The Mandamus Act empowers courts to compel an officer or employee of the United States to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

41. 5 U.S.C. § 706 states:

Scope of review - To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall…(2) hold unlawful and set aside agency action, findings, and conclusions found to be-

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

42. USCIS is a federal agency under DHS.

43. USCIS has failed to adjudicate the Plaintiffs' applications without unreasonable delay.

44. The unreasonable delay in adjudicating Plaintiffs' application has resulted in Plaintiffs being stuck in limbo and has caused an extreme hardship on Plaintiffs.

45. USCIS is required to decide the application by Plaintiffs within a reasonable time.

46. USCIS' delay in deciding Plaintiffs' applications impacts human health and welfare, not merely economic interests, and are being denied the opportunity to obtain lawful status in the United States and to plan for Plaintiffs' futures.

47. Plaintiffs have no alternative remedy available.

48. Plaintiffs have and continue to suffer irreparable harm from Defendants' delay in adjudicating their applications.

49. Plaintiffs, therefore, request this honorable Court order USCIS to adjudicate their I-131 applications.

**WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court assume jurisdiction over this matter, set the matter for an expedited hearing, and order USCIS to adjudicate their applications or compel Defendants to act and perform their duties. Plaintiffs further request that this Honorable Court award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act and grant any and all further relief this Court deems just and equitable under the circumstances.

**PARRISH KRUIDENIER LLP**

BY: */s/ Benjamin D. Bergmann*
Benjamin D. Bergmann          AT0009469
BY: */s/ Carly R. Scott*
Carly R. Scott                AT0015326
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704 (Fax)
bbergmann@parrishlaw.com
cscott@parrishlaw.com
**ATTORNEYS FOR PLAINTIFFS**